HOBSON, Chief Judge.
Petitioner seeks a writ of prohibition against the respondent alleging respondent’s disqualification to preside over a trial wherein the petitioner is charged with the sale of marijuana.
The petitioner was previously tried for the same crime, said trial was presided over by the respondent, and ended in a mistrial as a result of the jury announcing that it could not reach a verdict.
The respondent, after declaring a mistrial, rescheduled the trial and petitioner timely filed his motion to disqualify the respondent under CrPR 1.230, 33 F.S.A. The respondent examined the two supporting affidavits to disqualify him on the ground that he was prejudiced against the petitioner and found the same to be legally insufficient as a matter of law. Thereupon, the respondent entered an order denying petitioner’s motion to disqualify.
The respondent contends that under CrPR 1.230 the motion to disqualify must be made by the defendant who filed the motion and may not be made by the defendant’s attorney.
CrPR 1.230(a) states:
“The state or the defendant may move to disqualify the judge * * *."
Under subsection (b) of the rule it is required that every motion to disqualify be in writing. CrPR 1.080 requires “Every written pleading or paper of a party represented by an attorney shall be signed in his individual name by such attorney * * * ff
Under the above-quoted rules it is not only permissible but mandatory that the defendant’s attorney sign the motion to disqualify. Therefore the respondent’s contention that the defendant must personally make and sign a motion to disqualify under CrPR 1.230 is without merit. However, in view of the fact that the test of whether or not a judge is disqualified because of his prejudice toward the defendant is dependent upon the defendant’s well grounded fear that he will not receive a fair trial, it might well be that the rule should be amended to require the defendant to personally make and sign a motion to disqualify a judge.
The rule requires that the motion to disqualify be accompanied by two or more affidavits which set forth facts relied upon to show the grounds for disqualification. The respondent in the instant case examined the affidavits and found them to be legally insufficient as a matter of law. Both affidavits in this cause were signed by one of the attorneys of record for the defendant.
One affidavit in substance related that the respondent held a hearing to determine whether or not he would issue a citation for contempt against the defendant, after which he ordered the bailiff to take the defendant in custody. However, upon the declaration of mistrial the respondent announced that he would not issue a citation for indirect contempt. These facts are legally insufficient to disqualify the respondent.[1]
This same affidavit set forth that the assistant state attorney intimated or suggested to the respondent that the defendant or his attorneys had previous to *829 the trial confiscated, concealed or converted the personal files or work product of the said state attorney. The fact that the assistant state attorney did intimate or suggest to the respondent that the defendant or his attorneys had tampered with the personal files and work product of the prosecutor without further facts showing what, if any, effect such intimation or suggestion had upon the respondent’s prejudice toward the petitioner is legally deficient as a matter of law to support a motion to disqualify.
The other affidavit filed by one of petitioner’s attorneys set forth that the respondent, during a recess, in a discussion with the affiant and the assistant state attorney expressed his belief that the defendant was guilty.
The fact that a trial judge has a personal feeling as to the guilt or innocence of a defendant is not legally sufficient to disqualify the judge. If this were so every trial judge in a criminal case would be subject to disqualification at some time during the trial and most certainly prior to the jury retiring to consider its verdict.
In the case of Nickels v. State, 1923, 86 Fla. 208, 98 So. 497, wherein an affidavit asserted that the judge had “ ‘formed and expressed a fixed and settled opinion as to the guilt of this defendant’ ” and that the judge had “ ‘discussed freely the question of the guilt of this defendant with other persons, and had formed and expressed a fixed and decided opinion as to the guilt of this defendant’ ” it was held that the judge under those facts was not disqualified. The court in Nickels, supra, stated:
“If having an opinion as to the guilt or innocence of an accused person on trial would disqualify a judge, no judge could well try the same case twice.”
For the foregoing reasons the rule previously issued is discharged and the writ of prohibition denied.
MANN and McNULTY, JJ., concur.

. State ex rel. Giblin v. Sullivan, 1946, 157 Fla. 496, 26 So.2d 509.