BOARDMAN, Acting Chief Judge.
Melvin Isaac Emmanuel petitions for writ of certiorari to review an order of the trial court revoking his bail for his failure to appear at pretrial conference as ordered. Petitioner by and through his attorney had filed a waiver of his right to attend the pretrial conference. After full consideration of the record and briefs and for the reasons hereafter stated, we hold that the trial court’s action constituted a departure from the essential requirements of the law, and we grant the writ, quash the order, and remand with directions.
Petitioner was charged with &■ felony and released on bond. Thereafter the state filed a motion for pretrial conference and the trial court set the case for pretrial conference pursuant to Rule 3.220(7), Florida Rules of Criminal Procedure, and commanded petitioner to appear at the confer *514 ence. Prior to the date set for the conference, a written waiver of petitioner’s right to attend the pretrial conference, signed by petitioner’s attorney, was filed. Petitioner did not appear on the date set for the conference. The trial court ruled that the waiver filed by counsel was ineffective; that it had to be signed by petitioner himself. Accordingly, petitioner’s bond was es-treated and a warrant was issued for his arrest.
On the following day defense counsel filed a motion to quash the arrest warrant and set aside the bond estreature. Attached to the motion was an affidavit (un-sworn) signed by petitioner waiving his right to be present at the pretrial conference. The trial court refused to consider the affidavit or to quash the warrant.
The legal issue now before this court, as the trial court readily perceived, is: Must a waiver of a defendant’s presence at pretrial conference be signed by the defendant personally or may it be signed by the defendant’s attorney?
Rule 3.220(7) provides that the accused shall be present at any pretrial conference “unless he waives this in writing.” We find nothing in this rule that requires that the waiver be personally signed by the defendant, and we are aware of no case law, and none has been cited to us, that has construed Rule 3.220(7) to require that a waiver of the defendant’s right to be present at pretrial conference be personally signed by the defendant. Additionally, Rule 3.080, Florida Rules of Criminal Procedure, provides: “Every written pleading or paper of a party represented by an attorney shall be signed in his individual name by such attorney” (emphasis added).
We therefore conclude that petitioner was not required to personally sign the waiver. See State ex rel. Schmidt v. Justice, 237 So.2d 827 (Fla.2d DCA 1970). The waiver was in writing, as required, and was properly filed prior to the scheduled date of the pretrial conference.-
Petitioner having waived his right to be present at the pretrial conference, the trial court’s order estreating his bond and issuing a warrant for his arrest for failure to appear was error. We grant certiorari and quash the order. The cause is remanded for further proceedings consistent herewith.
OTT and RYDER, JJ., concur.